UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK G. RYAN, and | ) | |
| TAMMY L. RYAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:10CV0001 ERW |
| | ) | |
| THE TIMBERLAND COMPANY, and | ) | |
| BOYER'S BOOTS, SHOE REPAIR, AND | ) | |
| WESTERN WEAR, INC. a/k/a | ) | |
| BOYER'S BOOT WAGON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Boyer's Motion in Limine [ECF No. 79], Plaintiffs' Objection to Defendant Timberland's Deposition Designations [ECF No. 81], Plaintiffs' Objection to Defendant Timberland's Exhibits [ECF No. 82], and Plaintiffs' Objections to Defendant Boyer's Exhibits [ECF No. 84].  A pretrial conference was held on these matters on September 29, 2011.

**I.    DEFENDANT BOYER'S MOTION IN LIMINE [ECF No. 79]**

In this Motion, Boyer's seeks to bar Plaintiffs from presenting two types of evidence. First, Defendant seeks to exclude evidence of liability insurance.  At pretrial conference, Plaintiffs agreed that they did not dispute this portion of the Motion.  Accordingly, Plaintiffs are prohibited from making any reference at trial to the liability insurance held by either Defendant.

Secondly, Boyer's seeks to bar Plaintiffs' expert witness Russell Kendzior from testifying about the duty and standard of care Boyer's owed to Plaintiffs.  Boyer's contends Mr. Kendzior is

not qualified to give expert testimony on these matters, because he does not have any experience or training in retail shoe sales, he has not interviewed any shoe retailers in northeastern Missouri or western Illinois, and he is not aware of a retail shoe industry standard for disclosing information to customers.  Boyer's also argues that no expert testimony is required to establish the duty or standard of care a retailer owes to its customers.

At pretrial conference, Plaintiffs stated Kendzior would likely testify that there are no standards in the American footwear industry for labeling and marketing products as "slip resistant," and that, on the facts presented, Boyer's shoe recommendation was ill-suited for Plaintiff's purposes.  Kendzior expects to these matters, given his experience in and knowledge of researching, marketing, and testing footwear.

The focus of Boyer's Motion is to prohibit Kendzior from providing testimony as to the substance of Boyer's duty or standard of care.  The Court finds it immaterial that Kendzior has no experience in retail footwear, and no knowledge of the practices of footwear retailers in the area of concern.  In any event, any opinion Kendzior offers as to the substance of Boyer's duty or standard of care and whether Boyer's violated it, in the absence of industry standards, will not "assist the trier of fact to understand the evidence or determine a fact in issue," Fed. R. Evid. 702.  Such testimony would amount to a legal conclusion conveying little more than what the witness believes the verdict should be.  Hogan v. AT&T, 812 F.2d 409, 411 (8th Cir. 1987).  Thus, Kendzior cannot testify as to these matters.

Accordingly, Defendant's Motions in Limine [ECF No. 79] will be granted.

## II.     PLAINTIFFS' OBJECTION TO DEFENDANT TIMBERLAND'S DEPOSITION DESIGNATIONS [ECF No. 81]

In this Objection, Plaintiffs object to the admission of certain portions of expert witness Mike Wilson's deposition because they contain references to the substantive test results of SATRA testing conducted by Timberland on May 14, 2010, and May 19, 2010.  As discussed further below, Plaintiffs believe Timberland will be unable lay the foundation necessary to establish the reliability of this testing.  As a result, Plaintiffs argue that the portions of Wilson's deposition that discuss the substantive results of this testing should be excluded.

The Court finds Plaintiffs' objection to portions of Wilson's deposition to be premature.  While it appears unlikely that these test results will be admissible, if Timberland is able to lay a proper foundation for admissibility of the test results, such deposition testimony may be admissible.  Accordingly, the Court will reserve ruling on Plaintiff's objection until trial.

## III.    PLAINTIFFS' OBJECTIONS TO DEFENDANT TIMBERLAND'S EXHIBITS [ECF No. 82]

In this Objection, Plaintiffs objects to the admission at trial of a number of Timberland's exhibits.  First, Plaintiffs object to the use of hang tags in Exhibit E.  Plaintiffs argue that no records exist of the hang tags that accompanied the shoes Plaintiff purchased, and thus Timberland will be unable to show that the hang tags in Exhibit E are of the kind that appeared on Plaintiff's shoes.  Plaintiffs contend that without any evidence to authenticate the hang tags, they are irrelevant and would only confuse and mislead the jury.  The Court is persuaded that Plaintiffs' motion is well-taken.  However, the Court will reserve ruling on Plaintiffs' objection to Timberland's Exhibit E until trial.  At that time, the Court will have occasion to determine whether Timberland has made a showing sufficient to admit the hang tags found in Exhibit E.

Next, Plaintiffs object to the admission of Exhibits I and J. These exhibits are the results from SATRA testing conducted on a Timberland Gorge 81016 on May 14, 2010, and May 19, 2010. Plaintiffs contend that Timberland has not and will not be able to present the testimony or other evidence necessary to establish the reliability of this testing. In addition, Plaintiffs argue that because this testing was conducted in preparation for trial, it is hearsay that does not fall within the business records exception. *See* Fed. R. Evid. 802; 803(6). While the argument is presuasive, the Court finds Plaintiffs' objection to Exhibits I and J to be premature. At trial, Timberland will have the opportunity to present evidence and move for the admission of Exhibits I and J. The Court will then have occasion to determine whether these exhibits are admissible. Accordingly, the Court will reserve ruling on Plaintiffs' objection until trial.

Finally, Plaintiffs object to Exhibit M, which is the written report prepared by expert witness Mike Wilson. Plaintiffs argues that the objection of this report would be cumulative of Wilson's testimony, and that it is hearsay. The Court will reserve ruling on Plaintiffs' objection until trial.

### IV.     PLAINTIFFS' OBJECTIONS TO DEFENDANT BOYER'S EXHIBIT [ECF No. 84]

In this Objection, Plaintiffs object to the admission of 27 of Boyer's exhibits. Plaintiffs' objections fall into four categories.

First, Plaintiffs object to Exhibits B, C, D, and E. Boyer's presents these exhibits as representative of the packaging materials and hang tags that accompanied the shoes purchased by Plaintiff. Plaintiffs object on the grounds that Boyer has not and will not be able to present any evidence showing these materials are of the kind that appeared on Plaintiff's shoes. Thus,

Plaintiffs contend these should be excluded because they lack foundation and are irrelevant.

The Court will reserve ruling on these objections until trial.  At that time, the Court will determine whether Boyer's has made a showing sufficient to admit these exhibits.

Secondly, Plaintiffs object to Exhibits N and O, which are a "General Mills Employee Agreement" and "Termination Interview Record."  Plaintiffs contend these exhibits are irrelevant.

The Court will reserve ruling on these objections until trial.  At that time, the Court will determine whether these exhibits are admissible.

Next, Plaintiffs object to Exhibits P, Q, R, S, T, U, V, AA, BB, CC, DD, EE, FF, GG, II, JJ, and XX.  These exhibits are medical records from various health care providers that post-date the injury to Plaintiff's right knee at issue in this case.  Plaintiffs argue that these exhibits are irrelevant, and that admitting them would impede orderly trial management and cause confusion among the jury by inviting unnecessary exploration into tangential matters.

The court will reserve ruling on these objections until evidence is presented at trial.  However, the Court is inclined to allow medical record evidence that post-dates Plaintiff's right knee injury as relevant on the issue of Plaintiff's lost wages.

Finally, Plaintiffs object to Exhibits OO, TT, and UU, which are Boyer's sales receipts that both pre-date and post-date Plaintiff's shoe purchase and right knee injury.  In their filed Objection, the Plaintiffs contend that these exhibits are irrelevant.

At pretrial conference, the Court and the parties neglected to discuss the substance of these objections.  In addition, the substance of these exhibits does not yet appear in the record. Accordingly, the Court will reserve ruling on these objections until trial.

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Boyer's Motion in Limine [ECF No. 79] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection to Defendant Timberland's Deposition Designation [ECF No. 81] is **HELD IN ABEYANCE** until trial.

**IT IS FURTHER ORDERED** that Plaintiffs' Objections to Defendant Timberland's Exhibits [ECF No. 82] is **HELD IN ABEYANCE** until trial.

**IT IS FURTHER ORDERED** that Plaintiffs' Objections to Defendant Boyer's Exhibits [ECF No. 84] is **HELD IN ABEYANCE** until trial.

Dated this 30th day of September, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE